1
2
3
4
5
6
7
8                 **UNITED STATES DISTRICT COURT**

9                 **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   UNITED STATES OF AMERICA,                    CASE NO. 07cv1353-IEG(LSP)

12                              Petitioner,        Order Granting Petition to Enforce
                                                  IRS Summons [Doc. No. 1]
          vs.
13
     PAUL N. HILEY, PNH FINANCIAL, INC.,
14
                              Respondents.
15

16          The IRS has filed a petition to enforce two summonses it issued on October 26, 2006

17   pursuant to Article 27 of the Convention Between the United States of America and the

18   Government of Canada with Respect to Taxes on Income and on Capital ("Convention").  The

19   summonses required Paul Hiley, the officer and sole shareholder of PNH Financial, Inc., to give

20   testimony and produce documents relevant to the Canadian Revenue Agency's investigation of the

21   Banyan Tree Foundation and its donors for the tax periods 2002 through 2004.  Respondents have

22   filed an opposition to the petition, arguing the summonses were not issued for a legitimate purpose

23   because the Banyan Tree Foundation is a charitable foundation which cannot have an income tax

24   liability under Canadian law.  The IRS has filed a reply.  This matter is appropriate for submission

25   on the papers and without oral argument and the October 1, 2007 hearing was vacated.  For the

26   reasons set forth, the Court GRANTS the petition.

27

28

### *Background*

By letter dated March 6, 2006, the Canada Revenue Agency ("CRA"), through its Competent Authority Mr. Francis Ruggiero, Acting Director, Competent Authority Services Division, International Tax Directorate, made a request to the IRS for information pursuant to Article 27 of the Convention.  [Declaration of Frank Ng ("Ng Decl."), ¶ 2.]  Deputy Commissioner, International, Frank Ng, of the IRS Large and Mid-Size Business Division, is authorized to act as the Competent Authority for the purpose of administering all exchange of information programs under tax treaties and exchange of information agreements.  [Ng Decl., ¶ 1.]

Deputy Commissioner, International, Ng reviewed the Canadian Competent Authority's request for information, and determined it was proper within the guidelines of the Convention. [Ng. Decl., ¶ 3.]  The summoned information is relevant because the Canadian tax authorities are examining loans that Paul Hiley and PNH Financial purportedly provided, directly or indirectly, to donors of the Banyan Tree Foundation.  [Id., ¶ 4.]  Based upon the purported loans, the donors claimed large charitable deductions for amounts purportedly donated to the Banyan Tree Foundation.  As a result, these transactions are significant to the CRA's investigation of the Banyan Tree Foundation. [Id.]

Deputy Commissioner, International, Ng has stated in his declaration that, to the best of his knowledge and belief, the information requested by the CRA can be obtained by the Canadian tax authorities under Canadian law and would be furnished to the United States upon proper request under similar circumstances. [Ng Decl., ¶ 5.]  At the time the IRS summonses were prepared and served, neither the IRS nor the CRA possessed the requested information. [Id., ¶ 6.]

Pursuant to the request of Deputy Commissioner, International, Ng, Revenue Agent Martin Hirsch issued two separate summonses to Respondents on October 26, 2006.  [Declaration of Revenue Agent Martin Hirsch ("Hirsch Decl."), ¶ 4.]  Revenue Agent Hirsch personally served the summonses upon Mr. Hiley on October 26, 2006.  [Hirsch Decl., ¶ 5.] The summonses required Mr. Hiley to appear before Revenue Agent Hirsch on November 24, 2006 to provide testimony and documents.  [Hirsch Decl., ¶ 6.]  On November 9, 2006, counsel for Respondents, Mitchell Dubick, sent a letter stating the summonsed parties would not appear or produce documents.

07cv1353

1  [Hirsch Decl., ¶ 7.]

2      On July 25, 2007, the IRS filed its petition to enforce the summonses.  On August 2, 2007,

3  the Court ordered Respondents to show cause why the summonses should not be enforced.  On

4  September 17, 2007, Respondents filed an opposition to the petition. On September 21, 2007, the

5  IRS filed a reply.

6                                      ***Discussion***

7      Pursuant to 26 U.S.C. § 7602(a)(1), the Secretary of the Treasury may "examine any

8  books, papers, records, or other data which may be relevant or material" in connection with

9  "ascertaining the correctness of any return, making a return where none has been made,

10  determining the liability of any person for any internal revenue . . . or collecting any such

11  liability."  Section 7602(a)(2) authorizes the Secretary to issue summonses to compel persons in

12  possession of such books, papers, records, or other data to appear and produce the same and/or

13  give testimony.  Article 27 of the Convention provides for the exchange of information between

14  the United States and Canada regarding enforcement of the tax laws of each country.  The

15  summons procedures set forth in 26 U.S.C. § 7602 may be used in aid of carrying out the United

16  States' obligations under the Convention.  United States v. Stuart, 489 U.S. 353, 359-60 (1989);

17  Lidas, Inc. v. United States, 238 F.3d 1076, 1081 (9th Cir. 2001).

18      In order to obtain judicial enforcement of an IRS summons, the United States "must first

19  establish its 'good faith' by showing that the summons:  (1) is issued for a legitimate purpose;  (2)

20  seeks information relevant to that purpose;  (3) seeks information that is not already within the

21  IRS's possession;  and (4) satisfies all administrative steps required by the United States Code."

22  Fortney v. United States, 59 F.3d 117, 119 (9th Cir. 1995) (citing United States v. Powell, 379 U.S.

23  48, 57-58 (1964)); see also Stuart, 489 U.S. at 359.  The four-part Powell test also applies where

24  the IRS issues a summons at the request of a foreign government pursuant to a tax treaty.  Lidas,

25  Inc., 238 F.3d at 1082.  "In such case, the IRS need not establish the good faith of the requesting

26  nation.  'So long as the IRS itself acts in good faith [under *Powell*] . . . and complies with

27  applicable statutes, it is entitled to enforcement of its summons.'"  Id. (quoting Stuart, 489 U.S. at

28  370).  Once the IRS shows the summons was issued in good faith under Powell, the respondent

07cv1353

1    may challenge the summons on any appropriate grounds.  Lidas, Inc., 238 F.3d at 1082.

2    "Nevertheless, the taxpayer bears a 'heavy burden' to rebut the presumption of good faith."  Id.

3    (citing United States v. Jose, 131 F.3d 1325, 1328 (9th Cir. 1997)(en banc)).

4          The declarations of Deputy Commissioner, International, Ng, and Revenue Agent Hirsch,

5    establish the prima facie case for enforcement of the summonses in this case.  Deputy

6    Commissioner Ng's declaration establishes that (1) he is authorized to act as the "Competent

7    Authority" for purpose of exchange of information for tax treaties, (2) the Canadian Government

8    requested information from Mr. Hiley and PNH regarding its investigation of Banyan Tree

9    Foundation for the tax periods 2002 through 2004, (3) he reviewed the Canadian request and

10   determined it was proper under the treaty, (4) the requested information is not in the possession of

11   the IRS or CRA, (5) the requested information may be relevant to the CRA's determination of

12   Banyan Tree Foundation's tax liability, and (6) the requested information could be obtained by

13   Canadian authorities under Canadian law.  [Ng Decl., ¶¶ 1-6.]  The Supreme Court and Ninth

14   Circuit have both found declarations by IRS agents, containing the same elements, satisfy the

15   Powell requirements.  Stuart, 489 U.S. at 360-61; Lidas, Inc., 238 F.3d at 1082.

16         The burden, therefore, shifts to Respondents to rebut the presumption of good faith.  Lidas,

17   238 F.3d at 1082.  Respondents' sole argument in opposition to the petition is that Banyon Tree

18   Foundation is a charitable foundation which cannot have an income tax liability.  Respondents

19   provide a declaration by Robert Kepes, a Barrister and Solicitor in the City of Toronto, Canada,

20   who specializes in Canadian tax planning and litigation.  In 2005 and 2006, Mr. Kepes' firm

21   provided legal advice to the Banyan Tree Foundation.  [Kepes Decl., ¶ 6.]  Banyan Tree

22   Foundation was registered as a charitable private foundation on March 2, 2002, and has been

23   registered continuously as such until the present.  [Kepes Decl., ¶¶ 7, 15.]  Although the Income

24   Tax Act of Canada imposes various types of taxes, Paragraph 149(1)(f) provides that a registered

25   charity is not liable for income tax.  [Kepes Decl., ¶ 14.]  Because the Banyan Tree Foundation is a

26   charitable foundation, which cannot be liable for income tax, Respondents argue the IRS

27   summonses are "suspect" and should not be enforced.  Respondents argue "the Court should not

28   order the summons enforced unless and until it is satisfied that Canadian law could impose an

07cv1353

1    income tax on a foundation such as the Banyon Tree Foundation."

2         In order to enforce the summonses, however, this Court is not required to find that Banyan

3 Tree Foundation is liable for income tax liability under the Income Tax Act of Canada. Instead, the

4 court need only determine whether the IRS has shown that it has issued its summonses in good

5 faith as that term is defined in <u>Powell</u>.  <u>Stuart</u>, 489 U.S. at 1193.  The Court is persuaded by the

6 Fifth Circuit's reasoning in <u>Mazurek v. United States</u>, 271 F.3d 226 (5th Cir. 2001) on a very

7 similar question.  In <u>Mazurek</u>, the respondent argued the court should not enforce the IRS

8 summons, issued upon the request of the French Tax Authority, because he was not a resident of

9 France and therefore could not be liable for any French income tax during the period in question.

10 In rejecting the respondent's argument, the court first noted that "[a]ssisting the investigation of a

11 foreign tax authority has been held to be a legitimate purpose by itself."  271 F.3d at 230 (citing

12 <u>United States v. A.L. Burbank & Co.</u>, 525 F.2d 9, 16-17 (2d Cir. 1975)).  The court found that the

13 relevant question was <u>not</u> whether the French Tax Authority's investigation was legitimate, but

14 instead whether the IRS's compliance with the French Tax Authority's request was legitimate.

15 "Requiring district courts and the IRS to look into the good faith of the requesting country's

16 investigation would . . . unwisely necessitate an inquiry into the propriety of the [French Tax

17 Authority's] actions under French law."  <u>Id</u>. at 231-32.

18         Likewise, in this case, the Court does not need to inquire into Canadian law to determine

19 whether the Banyan Tree Foundation could be liable for any income tax.  The relevant question is

20 not whether the CRA can impose an income tax upon Banyan Tree Foundation, but whether the

21 IRS issued its summonses in good faith.  <u>Lidas</u>, 238 F.3d at 1082.  Deputy Commissioner,

22 International, Ng's declaration states both that the requested information may be relevant to the

23 CRA's determination of Banyan Tree Foundation's tax liability, and that the requested information

24 could be obtained by Canadian authorities under Canadian law.  Although Kepes opines in his

25 declaration that the Banyan Tree Foundation cannot be liable for any income tax under Canadian

26 law, he omits any opinion as to whether the information sought by the IRS summons could be

27 obtained by Canadian authorities under Canadian law.

28         Respondents ask the Court to review the CRA's request for information *in camera* to

07cv1353

1   determine if that request explains how the Canadian Government asserts a potential income tax

2   liability on the part of Banyan Tree Foundation.  However, again, the question is not whether the

3   Banyan Tree Foundation can be liable for any income tax, but whether the IRS acted in good faith

4   when it issued the summonses based upon the CRA's Convention request.  Respondents do not

5   argue the IRS issued the summons "for an improper purpose, such as to harass the taxpayer or to

6   put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good

7   faith of the particular investigation."  <u>Powell</u>, 379 U.S. at 58.  The IRS issued its summons based

8   upon the CRA's request after it determined that the request was proper under the treaty, the

9   information sought was relevant to the CRA's investigation, the information could be obtained by

10   the CRA under Canadian law, and the information was not otherwise in the possession of the IRS

11   or CRA. As a result, the Court GRANTS the petition and orders Respondents comply with the IRS

12   summonses.

13   ***Conclusion***

14        For the reasons set forth herein, the Petition to enforce the IRS summonses is GRANTED.

15   Respondent Paul Hiley shall appear before Revenue Agent Martin Hirsch, 880 Front Street Room

16   3255, San Diego, CA  92101 on a date mutually agreed upon by the parties within 30 days of the

17   filing of this order.  Mr. Hiley shall produce documents and give testimony as called for by the

18   October 26, 2006 summonses.

19        **IT IS SO ORDERED**.

20

21   **DATED:  October 2, 2007**

22                                          _Irma E. Gonzalez_

23                                 **IRMA E. GONZALEZ, Chief Judge**
                                        **United States District Court**

24

25

26

27

28

07cv1353